**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**ANY AND ALL RADIO STATION
TRANSMISSION EQUIPMENT, Radio Frequency Power Amplifiers, Radio Frequency Test Equipment and
Any Other Equipment Associated
With or Used in Connection With the
Transmissions, Defendant,**

and

**San Francisco Liberation Radio; et
al., Real Parties in Interest–
Appellants.**

No. 05–15880.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2007.

Filed Feb. 28, 2007.

Sara Winslow, Esq., Office of the U.S. Attorney, San Francisco, CA, Eric J. Feigin, Esq., U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Plaintiff–Appellee.

Mark Vermeulen, Esq., San Francisco, CA, F. Peter Franck, Esq., San Rafael, CA.

Alan Korn, Esq., Law Office of Alan Korn, Berkeley, CA, Katherine Anne Alfieri, Esq., San Francisco, CA, for Real Parties in Interest–Appellants.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

### MEMORANDUM *

San Francisco Liberation Radio and assorted real parties in interest ("SFLR") appeal from the district court's grant of summary judgment in favor of the United States. We affirm.

SFLR contends that the First and Fifth Amendments entitled it to notice and a hearing prior to the seizure of its radio broadcast equipment. It concedes, however, that this equipment was used for unlicensed radio broadcasting in violation of 47 U.S.C. § 301. SFLR's violation of § 301 subjected its equipment to forfeiture and seizure. 47 U.S.C. § 510(a). And, the Supreme Court has established that predeprivation notice and hearings are not required for the seizure of personal property subject to forfeiture if: (1) seizure serves "important governmental purposes"; (2) "pre-seizure notice might frustrate" the relevant statutory purpose; and (3) seizure is "made by government officials rather than self-motivated private parties." *United States v. $8,850*, 461 U.S. 555, 562 n. 12, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983) (citing *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974)).

Seizure in this case did not violate the Fifth Amendment. It served the important governmental purpose of establishing "in rem jurisdiction over the property in order to conduct forfeiture proceedings, thereby fostering the public interest in preventing continued illicit use of the property and in enforcing criminal sanctions."

*Calero–Toledo*, 416 U.S. at 679, 94 S.Ct. 2080. Predeprivation notice could frustrate the interests served by 47 U.S.C. § 301, as the radio equipment seized was "of a sort that could be removed to another jurisdiction, destroyed, or concealed, if advance warning of confiscation were given." *Id.* Finally, seizure was initiated by government officials pursuant to 47 U.S.C. § 510(a) rather than by "self-interested private parties." *Id.*

SFLR further insists that the seizure of its radio broadcast equipment implicates the First Amendment and merits a heightened due process standard. This claim is unpersuasive, however. Neither broadcasters nor listeners have a First Amendment right to engage in or listen to unlicensed radio broadcasts. *See Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 390, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969) (holding that FCC licensing supports the public's "interest in free speech by radio and [its] collective right to have the medium function consistently with the ends and purposes of the First Amendment"). The Supreme Court also "has specifically rejected the contention that there is a heightened standard for the seizure of materials that might implicate the First Amendment" except with regard to the large-scale confiscation of allegedly obscene material. *United States v. Williamson*, 439 F.3d 1125, 1136 & n. 10 (9th Cir.2006) (internal citations omitted).

Similarly, it makes no difference that the seized equipment included personal computers on which broadcast "content" was possibly stored. Even the seizure of protected materials does not necessarily implicate the First Amendment if the seizure is not content based. *See New York v. P.J. Video, Inc.*, 475 U.S. 868, 873, 106 S.Ct. 1610, 89 L.Ed.2d 871 (1986) (holding that seizure of books and films "*on the*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*basis of their content* implicates First Amendment concerns not raised by other kinds of seizures" (emphasis added)). SFLR does not dispute that its computers were used in violation of 47 U.S.C. § 301 and were subject to seizure. Computers are not uniquely immune from seizure because they store content as well as aid in its unlawful transmission.

SFLR concedes that it engaged in unlicensed radio broadcasting in violation of 47 U.S.C. § 301. It does not contest that its equipment was subject to seizure and forfeiture under 47 U.S.C. § 510(a). It does not argue that the Government violated the statutory procedure for seizure under 47 U.S.C. § 510(b). The First and Fifth Amendments required no additional process in this case.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.